IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CARLTON LEE MCALISTER,           )
                                 )
    Plaintiff,                   )
                                 )
VS.                              )   No. 1:05-1093-T/An
                                 )
CARROLL COUNTY, TENNESSEE;       )
JOHN DOE 1-10,                   )
                                 )
    Defendant.                   )

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

On October 3, 2005, the court entered judgment granting Defendant Carroll County's Motion to Dismiss and/or for Summary Judgment[1] on the ground that Plaintiff's federal and state claims were barred by the applicable statutes of limitation. On October 5, 2005, Plaintiff filed a timely Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff contends that the court should alter or amend its summary judgment order because (1) the time period during which the United States Constitution requires a state to provide medical care to state prisoners is measured by the official judgment of the sentencing court rather than by the actual date that the prisoner's liberty is restored; (2) each day that Defendants "denied" medical care to Plaintiff after the

---

[1] Defendants John Does 1-10 were also dismissed. (McAlister v. Carroll County, et. al., No. 1:05cv1093 (W.D. Tenn. Sept. 27, 2005) (order granting summary judgment).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 10/17/05

date he was released until the date upon which the officially-ordered sentence expired therefore constituted a "separate and distinct" Eighth Amendment violation that "continued" the alleged pre-release Eight Amendment violation; and, (3) the court misapplied the relevant burdens that govern motions for summary judgment.

In the Sixth Circuit, a Rule 59(e) motion should be granted if there has been a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Gencorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). The court must be convinced that a legal or factual mistake has been made, or that manifest injustice will occur if the judgment is not altered or amended. In this case, the court has reviewed the record and Plaintiff's motion, along with the cases cited, and concludes that there is no mistake or substantially debatable legal or factual issue in the court's original order. The court also concludes that a manifest injustice will not occur if Plaintiff's motion to alter or amend is denied. Accordingly, Plaintiff's Motion to Alter or Amend the Order Granting Defendant Carroll County's Motion to Dismiss or for Summary Judgment is DENIED.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

13 October 2005
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 1:05-CV-01093 was distributed by fax, mail, or direct printing on October 17, 2005 to the parties listed.

---

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

William T. Winchester
THE LAW OFFICES OF WILLIAM T. WINCHESTER
2600 Poplar Ave.
Ste. 507
Memphis, TN 38112

Honorable James Todd
US DISTRICT COURT